IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YOHONIA MARTIN,

        Plaintiff,

v.                                                        No. 15cv716 KG/LAM

CITY OF HOBBS,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
## DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 14, 2015 ("Application"), and on her Complaint, Doc. 1, filed August 14, 2015. For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** the Complaint **without prejudice**.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir.

2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed a declaration in support of his application in which she declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information in her Application is true. Plaintiff states that: (i) she has no monthly income;[1] (ii) she has no regular monthly expenses; (iii) she is homeless; (iv) she has $24.00 in cash; and (v) she does not own any assets. The Court finds that Plaintiff is unable to pay the filing fee because she is homeless and has no income or assets.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the

---

[1] Plaintiff did not write in an amount for her wages. Because she is proceeding *pro se*, the Court construes the absence of an amount to indicate she has no monthly income.

complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff's Complaint consists of two pages with eight paragraphs of allegations, a copy of her identification card, a civil cover sheet, and three subpoenas regarding the address 1608 North Gulf, Hobbs, New Mexico. Plaintiff's Complaint is difficult to understand. For example, she alleges that she:

> will ask the court to allow damages of the District Court required amount in it's minimum of 75,000 for the inconveniences of being disallowed her Human Right not to be subjected to homelessness and introduced to criminality due to the mis information and or detoured information where holdings allowed scripted accrued capital to be placed within the scope of policies where and with entities of plaintiff initial investment(s) and or holding(s) but not limited to Wells Fargo Bank.
>
> Plaintiff is also satisfied with the 75,000 amount though she realizes her accessabilities to her Right To Equal Protection have been manipulated plaintiff has been brought to the realization that though she may have been inconvenienced, based on her research the monies in and for and or of holdings have been put to good use, plaintiff has done research and has found that most of the companies of her holdings are either Wells Fargo and Co. or Citibank and or Citigroup.

Complaint at 1-2.   The only allegation in the Complaint which mentions the sole defendant in this case, the City of Hobbs, states: "Plaintiff is asking that the City of Hobbs allow to be convened within five years for updates and or possible liquidation(s) of for and or to any and all possible accurements where plaintiff may be in holding(s)."   Complaint at 2.

The Court will dismiss the Complaint without prejudice because Plaintiff fails to state a claim.   The allegations in the Complaint are vague and do not state with particularity what Defendant did to Plaintiff, when Defendant committed these alleged unspecified actions, or how those actions harmed Plaintiff.   "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   Plaintiff may file an amended complaint within 21 days of entry of this Order.   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of summons at this time.   The Court will order service if Plaintiff timely files an amended complaint which states a claim.   Plaintiff's amended complaint

shall include the addresses of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 14, 2015, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Complaint, Doc. 1, filed August 14, 2015, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE